IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM SCHUELKE, | § | |
| PLAINTIFF | § | |
| VS. | § | CA No. 4:13-cv-01470 |
| XTREME DRILLING AND COIL SERVICES, INC., | § | |
| DEFENDANT | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Xtreme Drilling and Coil Services, Inc. ("Xtreme") files this its Original Answer and Affirmative Defenses ("Answer") to Plaintiff William Schuelke's ("Schuelke") Original Complaint ("Complaint") and states as follows:

### A. Nature of Suit

1. Xtreme states that Complaint paragraph 1 asserts legal conclusions to which no response is required and denies any allegations that are not legal conclusions.

2. Xtreme denies the allegations in Complaint paragraph 2.

### B. Parties

1. Regarding the Complaint paragraph mis-numbered as paragraph 1, which appears on page 2 of the Complaint, Xtreme admits that Plaintiff was an employee of Xtreme from October 29, 2011 to March 25, 2013. Xtreme admits that Plaintiff's written notice of consent is attached to the Complaint as Exhibit A. Xtreme denies the remaining allegations in the Complaint paragraph mis-numbered as paragraph 1.

3. Xtreme admits the allegations in Complaint paragraph 3.

### C. Jurisdiction and Venue

4.	Regarding Complaint paragraph 4, Xtreme, upon information and belief, admits that Plaintiff is an individual residing in Texas and has sufficient contacts in this District to subject him to personal jurisdiction. Xtreme admits the allegation in Complaint paragraph 4 that venue is proper in this Court.

5.	Regarding Complaint paragraph 5, Xtreme admits it is subject to the Court's personal jurisdiction.

6.	Xtreme admits the allegation in Complaint paragraph 6 that this Court has jurisdiction of this case under 28 U.S.C. § 1331. Xtreme admits that Plaintiff purports to assert claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), but denies that Xtreme violated the FLSA or any other laws.

### D. Coverage

7.	Regarding Complaint paragraph 7, Xtreme admits that it employed Plaintiff.

8.	Xtreme admits the allegations in Complaint paragraph 8.

9.	Xtreme admits the allegations in Complaint paragraph 9.

10.	Xtreme admits the allegations in Complaint paragraph 10.

11.	Xtreme admits the allegations in Complaint paragraph 11.

### E. Factual Allegations

12.	Xtreme denies the allegations in Complaint paragraph 12.

13.	Xtreme denies the allegations in Complaint paragraph 13.

14.	Xtreme denies the allegations in Complaint paragraph 14.

15.	Xtreme denies the allegations in Complaint paragraph 15.

16.	Xtreme denies the allegations in Complaint paragraph 16.

17. Xtreme states that Complaint paragraph 17 asserts legal conclusions to which no response is required and denies any allegations that are not legal conclusions.

18. Xtreme does not have sufficient information to admit or deny the allegations in Complaint paragraph 18.

### F.  Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act

19. Regarding Plaintiff's incorporation of allegations in preceding paragraphs in Complaint paragraph 19, Xtreme incorporates its answers above to the allegations in the preceding Complaint paragraphs.

20. Xtreme denies the allegations in Complaint paragraph 20.

21. Xtreme denies the allegations in Complaint paragraph 21.

22. Xtreme denies the allegations in Complaint paragraph 22.

23. Xtreme denies the allegations in Complaint paragraph 23.

24. Xtreme denies the allegations in Complaint paragraph 24.

### G.  Jury Demand

25. Xtreme admits that in Complaint paragraph 25 Plaintiff purports to demand a trial by jury.

### H.  Relief Sought

26. Regarding Complaint's paragraph 26, including its subparts (a) through (g), Xtreme denies that Plaintiff is entitled to the damages or relief requested.

27. Xtreme denies all other Complaint allegations that Xtreme did not specifically admit above.

## AFFIRMATIVE DEFENSES AND OTHER MATTERS

Xtreme asserts the following affirmative defenses and other defenses to Plaintiff's claims.

1. Plaintiff has failed to state a claim under the FLSA on which this Court may grant relief.

2. Because Xtreme did not commit a willful violation of the FLSA, the statute of limitations may not exceed two years.

3. Plaintiff's claims are limited or barred to the extent they fall outside the applicable limitations period.

4. The actions or omissions that Plaintiff complains of were at all times taken in good faith and with reasonable basis for believing that these actions or omissions were not in violation of the Fair Labor Standards Act.

5. Some of all of the remedies sought by Plaintiff are not authorized by law.

6. Liquidated damages under 29 U.S.C. § 216(b) should not be awarded because Xtreme's alleged acts or omissions were in good faith and Xtreme has reasonable grounds for believing that its alleged acts or omissions were not in violation of the FLSA.

7. If Plaintiff were to show any violation of the FLSA, which Xtreme denies Plaintiff can do, Xtreme is entitled to an equitable set-off for all compensation, including bonuses, incentive pay, and benefits, that Plaintiff would not have otherwise received if he had been classified as a non-exempt employee.

8. To the extent that estoppel, fraud, unclean hands, payment, accord and satisfaction, failure of consideration, statute of frauds, illegality, or laches limit or bar any claims of Plaintiff, Xtreme asserts those defenses.

9. Xtreme reserves the right to assert any additional affirmative defenses and other matters as may be disclosed during the course of additional investigation and discovery.

Therefore, Xtreme respectfully requests that the Court ultimately: (1) dismiss this action with prejudice; (2) order that Plaintiff take nothing; (3) enter judgment in favor of Xtreme; (4) award Xtreme costs and reasonable attorneys' fees; and (5) grant Xtreme all other relief to which it is entitled.

Dated: June 24, 2013

Respectfully submitted,

/s/ J. Richard Hammett
J. Richard Hammett
Southern District No. 21423
Texas Bar No. 24001054
Baker & McKenzie LLP
700 Louisiana, Suite 3000
Houston, Texas 77002-2755
Telephone: (713) 427-5000
Facsimile: (713) 427-5099
jrichard.hammett@bakermckenzie.com

ATTORNEY-IN-CHARGE FOR
DEFENDANT XTREME DRILLING AND
COIL SERVICES, INC.

OF COUNSEL:

**BAKER & McKENZIE LLP**

Emily P. Harbison
Southern District No. 902584
State Bar No. 24059892
700 Louisiana, Suite 3000
Houston, Texas 77002-2755
Telephone No. (713) 427-5000
Facsimile No. (713) 427-5099
emily.harbison@bakermckenzie.com

## CERTIFICATE OF SERVICE

I certify that on June 24, 2013, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Chris R. Miltenberger, Esq.
The Law Office of Chris R. Miltenberger, PLLC
430 N. Carroll, Suite 120
Southlake, Texas 76092


        /s/ J. Richard Hammett
        J. Richard Hammett